O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| KIMBERLY A. RIVERA, | Case No. SACV 09-0468-MLG |
| Plaintiff, | MEMORANDUM OPINION AND ORDER |
| v. | |
| MICHAEL J. ASTRUE, Commissioner of the Social Security Administration, | |
| Defendant. | |

Plaintiff Kimberly A. Rivera ("Plaintiff") seeks review of the Commissioner's final decision denying her application for disability insurance benefits ("DIB") pursuant to Title II of the Social Security Act. For the reasons stated below, this action is remanded for further proceedings.

**I.   Factual and Procedural Background**

Plaintiff was born on March 8, 1968. (Administrative Record ("AR") at 65). She has a tenth grade education and past relevant work experience as a medical biller. (AR at 35, 65-66).

1    Plaintiff filed an application for DIB on July 27, 2007, alleging that she has been disabled since April 27, 2002, due to porphyria (disorders of certain enzymes in the biosynthetic pathway), encephalitis, chronic obstructive pulmonary disease ("COPD"), shortness of breath, back pain causing difficulty with sitting, standing and walking, and a vision impairment. (AR at 136, 156). The Social Security Administration denied Plaintiff's application at the initial and reconsideration levels. (AR at 77-80, 83-87).

A *de novo* hearing was held before Administrative Law Judge ("ALJ") Keith Dietterle on July 30, 2008. (AR at 62-74). Plaintiff opted to proceed without representation from counsel. (AR at 62-63). A vocational expert and a medical expert testified at the hearing. (AR at 64-65, 70). On October 7, 2008, the ALJ issued a decision denying benefits. (AR at 30-37). The ALJ found that Plaintiff: (1) has not engaged in substantial gainful activity since her alleged onset date of disability (step 1); (2) suffers from the severe impairments of COPD, chronic pain syndrome, porphyria, and back problems (step 2); (3) does not have any impairments that meet or equal a listed impairment (step 3); (4) has the residual functional capacity ("RFC") to perform a range of light work;[1] (5) is unable to perform her past relevant work as a medical biller; but (6) is capable of performing other work that exists in significant numbers in

---

[1] Specifically, the ALJ found that Plaintiff is able to lift and carry 15 pounds occasionally and 10 pounds frequently; stand for one hour at a time for a total of three hours during an eight-hour workday; walk for two hours at a time for a total of three hours in an eight-hour workday; sit for two hours at a time for a total of four hours in an eight-hour workday; use lower extremities for guidance; and occasionally climb stairs, bend, stoop, kneel, crouch, and crawl. (AR at 33). Plaintiff must avoid unprotected heights, dangerous or fast-moving machinery, hot or cold environments and exposure to dust, fumes or gases, and climbing ladders and scaffolds. (AR at 33).

the economy. (AR at 32-33, 35-36).

Plaintiff sought Appeals Council review and submitted new evidence from her treating physician in support of the request. (AR at 13). The Appeals Council considered the new evidence, but declined to reopen Plaintiff's case, and denied review on January 21, 2009. (AR at 1-3, 9-11).

Plaintiff commenced this action for judicial review on April 16, 2009. On October 19, 2009, the parties filed a Joint Stipulation addressing the disputed issues. Those issues are whether: (1) the Appeals Council failed to properly consider new and material evidence from Plaintiff's treating physician; and (2) the ALJ failed to properly consider Plaintiff's subjective complaints. Plaintiff seeks remand for payment of benefits or, in the alternative, remand for further administrative proceedings. (Joint Stipulation at 24). The Commissioner requests that the ALJ's decision be affirmed. (Joint Stipulation at 25). The Joint Stipulation has been taken under submission without oral argument.

**II.  Standard of Review**

Under 42 U.S.C. § 405(g), a district court may review the Commissioner's decision to deny benefits. The Commissioner's or ALJ's findings and decision should be upheld if they are free from legal error and are supported by substantial evidence based on the record as a whole. 42 U.S.C. § 405(g); *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Holohan v. Massanari*, 246 F.3d 1195, 1201 (9th Cir. 2001). Substantial evidence means such evidence as a reasonable person might accept as adequate to support a conclusion. *Richardson*, 402 U.S. at 401; *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1996). It is more than a

scintilla, but less than a preponderance. *Reddick*, 157 F.3d at 720. To determine whether substantial evidence supports a finding, the reviewing court "must review the administrative record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." *Id.* "If the evidence can reasonably support either affirming or reversing," the reviewing court "may not substitute its judgment" for that of the Commissioner. *Id.* at 720-721.

**III.  Discussion**

Plaintiff reported that she is unable to sit or stand for long periods, needs to use oxygen due to shortness of breath, has a vision impairment causing difficulty reading, and does not walk nor lift anything. (AR at 144-45, 156). Plaintiff also testified that she has pain on a daily basis and severe pain in her back and lower extremities three to four times a week. (AR at 67). Plaintiff contends that the ALJ failed to give proper consideration to her testimony concerning the nature and extent of her pain and functional limitations. (Joint Stipulation at 11-18, 21-23).

The determination of credibility and the resolution of conflicts in the testimony are functions of the ALJ acting on behalf of the Commissioner. *Morgan v. Commissioner of Social Security*, 169 F.3d 595, 599 (9th Cir. 1999); *Saelee v. Chater*, 94 F.3d 520, 522 (9th Cir. 1996). In general, an ALJ's assessment of credibility should be given great weight. *Nyman v. Heckler*, 779 F.2d 528, 531 (9th Cir. 1985). The ALJ may employ ordinary techniques of credibility evaluation and may take into account prior inconsistent statements or a lack of candor by the witness. *Fair v. Bowen*, 885 F.2d 597, 604 n. 5 (9th Cir. 1989). However, once a claimant has presented medical evidence of an underlying

impairment, the ALJ may not discredit the claimant's testimony regarding subjective pain and other symptoms merely because the symptoms, as opposed to the impairments, are unsupported by objective medical evidence. *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035-36 (9th Cir. 2007); *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998); *Light v. Soc. Sec. Admin.*, 119 F.3d 789, 792 (9th Cir. 1997). "'[T]he ALJ can reject the claimant's testimony about the severity of her symptoms only by offering specific, clear and convincing reasons for doing so.'" *Lingenfelter*, 504 F.3d at 1036 (quoting *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996).

Here, the ALJ discounted Plaintiff's credibility because Plaintiff stopped working to care for her ailing mother. (AR at 34, 156). The ALJ attributed too much weight to Plaintiff's reason for leaving her previous job in assessing credibility. A review of the record reveals that Plaintiff stopped working in July 2001, a full nine months before her alleged onset date. (AR at 136, 156). Thus, the fact that Plaintiff stopped working for non-medical reasons was not a proper basis for the adverse credibility determination.

The ALJ also found that the medical evidence did not support Plaintiff's subjective complaints. (AR at 34). The ALJ noted that the greater portion of the medical records pertained to treatment after Plaintiff's date last insured and that the records preceding Plaintiff's date last insured did "not establish there was ever a 12-month period of time during which she would have been unable to perform work." (AR at 34). The asserted lack of objective medical evidence in support of Plaintiff's subjective symptom testimony is not an acceptable reason for rejecting Plaintiff's subjective testimony. *Lingenfelter*, 504 F.3d at 1035-36; *Reddick*, 157 F.3d at 722; *Light*, 119 F.3d at 792. Further, the

question of whether the medical evidence established that Plaintiff was precluded from working for a continuous 12-month period relates to the ultimate determination of disability, and is not a proper basis for rejecting credibility. Accordingly, the ALJ's credibility determination is not supported by substantial evidence in the record.

In general, the choice whether to reverse and remand for further administrative proceedings, or to reverse and simply award benefits, is within the discretion of the court. *See Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000) (holding that the district court's decision whether to remand for further proceedings or for payment of benefits is discretionary and is subject to review for abuse of discretion)). The Ninth Circuit has observed that "the decision whether to remand for further proceedings turns upon the likely utility of such proceedings." *Id.* at 1179; *see Benecke v. Barnhart*, 379 F.3d 587, 593 (9th Cir. 2004) (noting that a remand for further administrative proceedings is appropriate "if enhancement of the record would be useful").

When an ALJ fails to articulate sufficient reasons for rejecting a claimant's pain testimony, courts "have some flexibility" in determining whether to remand for further proceedings. *Vasquez v. Astrue*, 572 F.3d 586, 593 (9th Cir. 2009); *Connett v. Barnhart*, 340 F.3d 871, 876 (9th Cir. 2003) (discussing the Ninth Circuit's conflicting case law and holding that the doctrine is not mandatory because the court has "some flexibility in applying the 'crediting as true' theory"). In this case, it is unclear whether Plaintiff's testimony should be credited, and if so, to what extent. Therefore, further administrative proceedings would be useful. *Dodrill v. Shalala*, 12 F.3d 915 (9th Cir. 1993) (remanding "for the ALJ to repeat the step four analysis, articulating specific findings for rejecting [the plaintiff's] pain testimony . . . " among

other things).[2]

**ORDER**

Accordingly, **IT IS HEREBY ORDERED** that this action is remanded for further proceedings consistent with this Memorandum Opinion and Order.

DATED:  November 10, 2009

MARC L. GOLDMAN
_____
MARC L. GOLDMAN
United States Magistrate Judge

---

[2]  The Court finds that on remand the Commissioner should also consider the letter received from Plaintiff's treating physician, Howard K. Bland, M.D. (AR at 13). On October 2008, after the ALJ issued the decision denying benefits, Dr. Bland prepared a letter discussing Plaintiff's impairments. (AR at 13). Dr. Bland opined that Plaintiff has been unable to maintain any gainful employment since she was hospitalized in June 2004. (AR at 13). The Appeals Council declined to reopen Plaintiff's case. (AR at 2-3). The Appeals Council reasoned that Dr. Bland's opinion lacked "any specificity" with respect to Plaintiff's limitations prior to her date last insured of September 30, 2004. (AR at 2). The Court disagrees with the Appeals Council's conclusion.
   Dr. Bland's letter is properly considered on appeal, as the Appeals Council examined it in the context of denying review. *See Ramirez v. Shalala*, 8 F.3d 1449, 1451-52 (9th Cir. 1993) (considering on appeal "both the ALJ's decision and the additional material submitted to the Appeals Council"); *see also Harman*, 211 F.3d 1172, 1180 (9th Cir. 2000) ("We properly may consider the additional materials because the Appeals Council addressed them in the context of denying Appellant's request for review"); *Lingenfelter*, 504 F.3d 1028, 1030 n. 2 (9th Cir. 2007); *Gomez v. Chater*, 74 F.3d 967, 971 (9th Cir. 1996). Dr. Bland summarized Plaintiff's impairments and directly addressed Plaintiff's ability to work during the relevant period. (AR at 13). Thus, there is a reasonable possibility that Dr. Bland's letter could have affected the disability determination, had it been presented to the ALJ. *See Booz v. Sec'y of Health & Human Servs.*, 734 F.2d 1378, 1380-81 (9th Cir. 1984) (new evidence is material when it creates a reasonable possibility that the outcome of the case would be different). Thus, Plaintiff should have an opportunity to present this new evidence at the administrative level in support of her application.

7